In re Lawrence Edward BERRY, Individually and f/d/b/a Western Auto Associates Store, Chatsworth, Georgia, Bankrupt.

Elmer G. LAWLESS, Plaintiff,

v.

Lawrence Edward BERRY, Defendant.

Bankruptcy No. BK–1–79–00462.

United States Bankruptcy Court,
E. D. Tennessee.

Oct. 25, 1979.

Sam F. Little, Little & Adams, Dalton, Ga., for plaintiff.

Reginald G. Hyberger, Cleveland, Tenn., for defendant.

## MEMORANDUM

RALPH H. KELLEY, Bankruptcy Judge.

·The plaintiff filed a complaint objecting to the bankrupt's discharge. It is alleged that within twelve months before filing his bankruptcy petition, the bankrupt transferred certain diamond rings to his wife-to-be and that he did not list the transfer in response to the relevant question in his statement of affairs. The complaint further alleged that the bankrupt transferred the rings with intent to hinder, delay, or defraud his creditors and therefore his discharge should be denied under § 14c(4) of the Bankruptcy Act.* The complaint further alleged that the bankrupt knowingly and fraudulently omitted the transfer from his schedules in violation of 18 U.S.C. § 152 and therefore his discharge should be denied under § 14c(1).* There were other allegations but the proof was not sufficient to warrant the court's consideration in this memorandum.

Upon notice and hearing the court finds as follows.

The bankrupt was engaged in business as proprietor of a Western Auto Associates Store in Chatsworth, Georgia. He testified that he ordered diamond rings from Western Auto Company in the name of a customer, Don Burch. The plaintiff attempted to show that the bankrupt ordered the rings for himself using the customer's name because company policy did not allow him to have a personal account with Western Auto Company.

The bankrupt testified that Don Burch cancelled the order and that because the rings were a "factory order" they could not be returned for credit. He further testified that if the installments were not paid, the entire amount would become payable in full within a short time. Since he needed the

---

* The court shall grant the discharge unless . . the bankrupt has (1) committed an offense punishable by imprisonment as provided under [18 U.S.C. § 152] or . . . (4) at any time subsequent to the first day of the twelve months immediately preceding the filing of the petition in bankruptcy, transferred . . . any of his property, with intent to hinder, delay, or defraud his creditors . . . ..

rings for his fiancée, he decided to pay the installments without formally assuming the contract. He made two installment payments on the contract.

In January of this year the Western Auto Company foreclosed upon its security interest in bankrupt's business and took control of the assets of the store. When the bankrupt explained the purchase of the rings to the Western Auto representatives, they advised him that he needed to take some action with reference to the rings. He obtained a loan from a friend, Rex Dotson, and paid the balance due on the rings. The debt to Rex Dotson was not originally scheduled. The bankrupt testified at the first meeting of creditors that he owed Rex Dotson $2,800.00 and then amended the schedules to include the debt.

At the trial the bankrupt testified that he did not list the rings in his schedule of assets because they were not his; they were his wife's. When asked why he did not reveal the transfer his explanation was that he did not think that things like gifts came into play.

The court cannot find in the bankrupt's actions and his explanations of them an intent to hinder, delay, or defraud creditors by transferring the rings to his fiancée. Under § 14c(4) actual fraudulent intent must be shown. *Minnick v. LaFayette Loan & Trust Co.*, 392 F.2d 973 (7th Cir. 1968) *cert. den.* 393 U.S. 875, 89 S.Ct. 170, 21 L.Ed.2d 146 (1968) *reh. den.* 393 U.S. 956, 89 S.Ct. 379, 21 L.Ed.2d 370 (1968). The bankrupt was not trying to put the rings beyond the reach of creditors. He gave them to his fiancée in contemplation and consideration of marriage. He retained no beneficial interest in them other than as a result of his later marriage. Only his paying for the rings could be called an action meant to put the rings beyond the reach of a creditor, Western Auto Company, which apparently retained a security interest under the sales contract. That action obviously does not fall within the proscription of § 14c(4).

If the bankrupt obtained the rings for himself by using a customer's name and then gave them to his wife, the Western Auto Company might have had reason to complain. But the rings were not concealed from it, and it was paid. The transaction still would not fall within § 14c(4). It would not constitute a transfer or concealment with intent to hinder, delay, or defraud creditors.

The plaintiff also objected to the bankrupt's discharge under § 14c(1) which provides that a discharge may be denied if the bankrupt has committed an offense punishable by imprisonment under 18 U.S.C. § 152. The relevant provisions of 18 U.S.C. § 152 provide that a person is subject to imprisonment if he:

. . . knowingly and fraudulently conceals . . . any property belonging to the estate of a bankrupt; or

. . . knowingly and fraudulently makes a false oath or account in or in relation to any bankruptcy proceeding; or

\* \* \* \* \* \*

. . . in contemplation of a bankruptcy proceeding by or against him . . . or with intent to defeat the bankruptcy law, knowingly and fraudulently transfers or conceals any of his property . . ;

\* \* \* \* \* \*

The first and second offenses quoted above relate to the bankrupt's failure to reveal the transfer of the rings in his statement of affairs.

When assets are omitted knowingly and fraudulently from sworn statements or sworn schedules, this amounts both to a false oath and a concealment . . .

1A Collier on Bankruptcy ¶ 14.20 at 1320 (14th ed. 1961)

In this case a fraudulent concealment of property of the estate was not proved. The offense requires that the concealment "pertain to property belonging to the bankrupt which would pass upon his bankruptcy to his trustee." 1A Collier ¶ 14.20 at 1320. At the time the bankruptcy petition was filed the rings belonged to

the bankrupt's wife. Gifts given in contemplation of marriage are given on condition that the marriage ensue. 38 Am.Jur.2d, Gifts §§ 81, 84 (1968). The condition having been met, as in this case, the gifts become absolute. Omitting the transfer from the statement of affairs could not have concealed property of the estate.

 Moreover, as to both the alleged concealment and the making of a false oath, no fraudulent intent was shown. The failure to list the transfer and to schedule the debt to Rex Dotson caused suspicion. But the court can see no good reason for the bankrupt to have attempted to conceal these transactions. The bankrupt testified at the first meeting that his wife had the rings and he revealed the debt to Rex Dotson. The court may consider the later disclosure as evidence of lack of fraudulent intent. *In re Tabibian*, 289 F.2d 793 (2d Cir. 1961). The bankrupt's failure to reveal the transfer can be viewed as a natural consequence of his conclusion that the rings were not his property but his wife's.

In summary, the bankrupt did not commit either of the first two offenses quoted above because as to both he lacked the fraudulent intent required and as to the first his actions could not have concealed property of the bankruptcy estate.

 Commission of the third offense quoted above requires a knowing and fraudulent transfer in contemplation of bankruptcy or with the intent to defeat the bankruptcy law. This offense is essentially like a transfer with intent to hinder, delay, or defraud creditors under § 14c(4). The bankrupt lacked the fraudulent intent required by § 14c(4), and for the same reasons given as to § 14c(4) the court finds that he lacked the fraudulent intent required by the third offense quoted from 18 U.S.C. § 152.

Therefore the bankrupt's discharge will not be denied and an order will be entered accordingly.

This memorandum constitutes findings of fact and conclusions of law. Bankruptcy Rule 752.